Mr. Jim W. Weatherby Chairman School Tax Assessment Practices Board 3301 Northland Drive Suite 500 Austin, Texas 78731
Re: Authority of the School Tax Assessment Practices Board to hear appeals of valuations.
Dear Mr. Weatherby:
You have requested our opinion regarding the authority of the School Tax Assessment Practices Board to hear appeals of valuations. Section 16.252(d) of the Education Code provides:
The commissioner of education shall adjust the values reported in the official compilation to reflect reductions in taxable value of property resulting from natural or economic disaster since January 1, 1975. The commissioner shall make a preliminary determination of each district's share of its guaranteed entitlement under the Foundation School Program for the 1977-1978 and 1978-1979 school years no later than August 15, 1977 and 1978 respectively. Each district shall have the right to appeal its value based on the 1976 official compilation of school district property values prepared by the Governor's Office, Education Resources. Prior to October 1, 1977, appeals shall be reviewed by the commissioner of education and these appeals to the commissioner shall not be subject to the provisions of the Administrative Procedure and the Texas Register Act. Appeals thereafter shall be held pursuant to Section 11.86(d) of this code. The decision of the commissioner of education shall be final and shall be completed no later than October 1, 1977. Thereafter, the decision of the School Tax Assessment Practices Board may be appealed pursuant to Section 11.86(e) of this code.
Thus, it is clear that, as to determinations made by the commissioner for the 1978-79 school year, appeals therefrom are governed by section 11.86(d).
You specifically ask whether you have authority to adjust values found in the official compilation of school district values prepared by the Governor's Office, Education Resources. If so, you ask whether such adjustments must be as a result or natural of economic disaster occurring since January 1, 1975.
Subchapter F, Chapter 11, Title 2 of the Education Code, enacted in the 65th Legislature, establishes the School Tax Assessment Practices Board and outlines its duties. Section 11.86(d) deals with the means by which a school district may protest the preliminary findings of the board regarding total market value and index value of all property within the district:
 (d) A school district may protest the board's findings within 30 days after the date on which the findings are certified to the commissioner by filing a petition with the board specifying the grounds for its objection. After receipt of a petition, the board shall hold a hearing. If after a hearing the board concludes that its findings should be changed, the board shall order the changes it finds appropriate and shall certify the changes to the commissioner of education. The board shall complete all protest hearings and certify all changes before January 1 of each odd-numbered year.
Although it is the commissioner of education who is responsible under section 16.252(d) for making the preliminary findings, we nonetheless believe that section 11.86(d) may be applied to appeals thereunder. The procedural aspects of the appeal are not affected by recognizing that the appeal is taken from the commissioner rather than from the board.
In answer to your specific question, the board is not itself authorized to make the initial adjustment of taxable value based upon natural or economic disaster. That duty is assigned to the commissioner. If the district appeals the commissioner's determination to the board, however, the board is required to hold a hearing, and if it cocludes that the commissioner's findings are in error, it must `order the changes it finds appropriate.' In our opinion, the board may at that time adjust property values as it deems appropriate, and is not limited to adjustments based on natural or economic disaster occurring since January 1, 1975.
 SUMMARY
Although the commissioner of education must make a preliminary determination of any reduction in taxable value as a result of natural or economic disaster on all property within a school district, the School Tax Assessment Practices Board is required to hear appeals therefrom, and, after such hearing, it may adjust property values as it deems appropriate.
Very truly yours,
John L. Hill Attorney General of Texas
APPROVED:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee